UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-12717-RGS

DION RIVERA

v.

UMASS CORRECTIONAL HEALTH CARE, et al.

ORDER

December 23, 2015

STEARNS, D.J.

For the reasons set forth below, the Court (1) allows the plaintiff's request for leave to proceed *in forma pauperis* and assesses an initial partial filing fee; (2) orders that summonses be issued as to seven defendants; and (3) directs the plaintiff to file an amended complaint if he wishes to pursue claims against the remaining thirteen defendants.

I.     **Background**

Dion Rivera was a named plaintiff in *Stote v. UMass Correctional Health*, C.A. No. 13-10267-NMG, a civil rights action filed under 42 U.S.C. § 1983 ("§ 1983") by MCI Norfolk inmate John E. Stote in which he and over one hundred other prisoners claimed that medical care at MCI Norfolk was inadequate. In an order dated June 25, 2014, the Court ordered that the claims of each plaintiff be severed and that a separate case be opened up for each individual plaintiff. *See id.* (docket entry #20). Judge Gorton also stated that the complaint in the multi-prisoner action would be the operative complaint for each plaintiff unless and until he decided to file an amended complaint. Rivera did not file an amended complaint, but he did indicate his desire to prosecute his claims by filing a motion for leave to proceed *in forma pauperis*.

For purposes of this action, the operative complaint will consist of the factual allegations common to all of the plaintiffs in the original *Stote* action, *see* complaint (docket entry #1) at 1-22, factual allegations unique to Rivera, *see id.* at 24 (¶ 180), claims for relief, *see id.* at 173-185, and Rivera's signature on the fourth signature page at the end of the complaint.

**II.     Discussion**

    **A.     Motion for Leave to Proceed *In Forma Pauperis***

The request for leave to proceed *in forma pauperis* is GRANTED.  However, because it appears from the plaintiff's address on the docket that he is no longer a prisoner, the Court shall not assess and initial partial filing fee.  Should Rivera still be in state custody, he shall so inform the Court.

    **B.     Screening of the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.  Both § 1915(e)(2) and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the complaint lists twenty defendants.  However, when reading Rivera's statement of claim in conjunction with the common portions of the complaint, only the claims against the following seven defendants survive preliminary screening: (1) UMass Correctional Health Care; (2) Massachusetts Department of Correction; (3) Luis Spencer, then- Commissioner of Correction; (4) Thomas Groblewski; (5) Rebecca Lubelczyk; (6)  Maureen Atkins, Health Services Administrator; and (7) Gary Roden, Superintendent.

The claims against the remaining thirteen[1] defendants are subject to dismissal because the

---

[1] The remaining thirteen defendants are: (1) UMass Medical School; (2) Commonwealth of Massachusetts; (3) Governor Deval Patrick; (4) Ellen Kurtz; (5) Linda Booth; (6) Catherine Burke; (7) Dr. King; (8) Lawrence Weiner; (9) Dyana Nicki; (10)  Cynthia Sumner; (11) Herbert Ddungo, Nurse Practitioner; (12) RN Bill; and (13) RN/LPN Beth.

Court cannot reasonably infer from the alleged facts that these thirteen defendants were in any way involved in Rivera's medical care.  To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  *Id.* (quoting *Educadores*, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).  Rivera's failure to allege any facts regarding these thirteen defendants in relation to his medical care falls short of this threshold pleading standard.

 If the plaintiff wishes to pursue claims against any of these thirteen defendants, he may file an amended complaint in which he sets forth the alleged misconduct of the defendant.  Even if Rivera  elects to bring claims only against the seven defendants as to whom summonses will issue, he may file an amended complaint.

Because an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Rivera should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.  The plaintiff may also find it helpful to review the portions of the Court's June 25, 2014 order concerning the drafting of an amended complaint.

**III.    Conclusion**

Accordingly:

1. The plaintiff's request for leave to proceed *in forma pauperis* is ALLOWED.
2. The Clerk shall issue summonses as to defendants: (1) UMass Correctional Health Care; (2) Massachusetts Department of Correction; (3) Luis Spencer, Commissioner of Correction;

(4) Thomas Groblewski; (5) Rebecca Lubelczyk; (6) Maureen Atkins, Health Services Administrator; and (7) Gary Roden, Superintendent.  Summonses shall not issue at this time as to the remaining thirteen defendants.

3. The plaintiff must serve the defendants as to whom summonses have issued in accordance with Rule 4 of the Federal Rules of Civil Procedure.  The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summonses, complaint, and this order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this order to complete service.

4. The plaintiff's claims against defendants (1) UMass Medical School; (2) Commonwealth of Massachusetts; (3) Governor Deval Patrick; (4) Ellen Kurtz; (5) Linda Booth; (6) Catherine Burke; (7) Dr. King; (8) Lawrence Weiner; (9) Dyana Nicki; (10) Cynthia Sumner; (11) Herbert Ddungo, Nurse Practitioner; (12) RN Bill; and (13) RN/LPN Beth shall be dismissed in forty-two (42) days of the date of this order unless the plaintiff files an amended complaint in which he sets forth with clarity the alleged misconduct of each defendant.

5. If served with a summons, the defendants are required to respond to the complaint. *See* 42 U.S.C. § 1997e(g)(2).

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE